UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.:

HENRY JONES,

     Plaintiff,

v.

CLASSICA CRUISE OPERATOR LTD. INC.
a/ka CLASSICA CRUISE OPERATOR LTD.,
CLASSICA CRUISE OWNER LTD. INC.,
and MARGARITAVILLE AT SEA, LLC,

     Defendant.

_____/

## COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

Plaintiff, HENRY JONES, by and through her undersigned counsel, hereby sues the Defendant, CLASSICA CRUISE OPERATOR LTD. INC. a/ka CLASSICA CRUISE OPERATOR LTD., CLASSICA CRUISE OWNER LTD. INC., and MARGARITAVILLE AT SEA, LLC, ("CLASSICA"), and files this Complaint for Damages and Demand for Jury Trial.

1. Plaintiff, Henry Jones, (herein "JONES") is a citizen and resident of Florida, United States.

2. At all relevant times, Plaintiff was a passenger aboard a cruise ship owned and operated by Defendant, Classica, and, accordingly, was an invitee while on the *Margaritaville at Sea Paradise* (herein the "Subject Vessel").

3. Classica is a foreign corporation registered in the Bahamas. Classica's principal place of business is in Florida. Classica is registered in Florida as a foreign profit corporation.

4. At all times material hereto, Classica owned and operated the *Margaritaville at Sea Paradise*, the cruise ship on which the subject incident occurred.

5. This Court has admiralty jurisdiction under 28 U.S.C. § 1333(1) because the incident occurred on navigable waters and relates to maritime activity.

6. Plaintiff's claims are also governed by the general maritime law of the United States as the injury occurred on navigable water and relates to maritime activity.

7. Venue is proper in this district pursuant to the forum-selection clause in the Passenger Contract Ticket issued by Classica.

8. This Court has personal jurisdiction over Classica, which maintains its principal place of business in this district, regularly conducts business in this state, and whose vessels, including the *Margaritaville at Sea Paradise*, regularly and continuously enter United States waters, including Florida waters. The port of embarkation for the subject cruise was Cape Canaveral, Florida.

9. All conditions precedent for filing and maintaining this action have been fulfilled, have been waived, or do not apply.

<strong><u>OTHER ALLEGATIONS COMMON TO ALL COUNTS</u></strong>

10. **DATE OF THE INCIDENT.** The incident occurred on February 3, 2025.

11. **LOCATION OF THE INCIDENT.** The incident occurred while the Plaintiff, a fare-paying passenger boarding the vessel *Margaritaville at Sea Paradise*, was embarking the ship at the Port of Palm Beach in Riviera Beach, Florida. Specifically, JONES's incident occurred on the ramp and/or gangway as he was traversing the last section of ramp and/or gangway before entering the ship's main entrance from the port located on Deck 5. Accordingly, the Plaintiff's claims are governed by general maritime law.

12.     **STATUS OF THE PLAINTIFF AT THE TIME OF THE INCIDENT.** At all times material hereto, the Plaintiff was a passenger on the subject cruise ship described herein and accordingly was an invitee.

13.     **CLASSICA AND EMBARKATION.** CLASSICA, as a common carrier, has a non-delegable duty to furnish its passengers, including the Plaintiff, with a reasonably safe means of boarding and/or leaving the vessel. *See Vierling v. Celebrity Cruises, Inc.*, 339 F.3d 1309 (11th Cir. 2003) ("Courts sitting in admiralty have long recognized an obligation on the part of a carrier to furnish its passengers with a reasonably safe means of boarding and leaving the vessel, that this obligation is non-delegable, and that even the slightest negligence renders a carrier liable."). More specifically, "a high degree of care is demanded of common carriers towards their passengers," including the "duty to maintain reasonable, safe means for passengers to board and disembark." CLASSICA provides a gangway/ramp for passengers to board and disembark its ships, and the only way for passengers to board the cruise ship is to traverse the gangway/ramp.

14.     **THE DANGEROUS CONDITION.** Because CLASSICA has a non-delegable duty to provide a reasonably safe means of boarding the *Margaritaville at Sea Paradise*, CLASSICA knew that it must make the process of embarking the ship safe for its passengers, including JONES. CLASSICA also knew that there are disabled passengers in wheelchairs and/or mobility scooters who would access the ramp and/or gangway, and that such passengers required a safe means of boarding. Despite that, CLASSICA allowed a dangerous condition to exist on the ramp and/or gangway used to board passengers onto the *Margaritaville at Sea Paradise*. The ramp and/or gangway was not a single gradual, even slope; instead, the ramp contained an uneven and/or unsecured transition between sections of the ramp that constituted a hazard to passengers,

including passengers using wheelchairs and/or scooters, whose wheels could and did become caught on the unexpected change in elevation or uneven transition.

15.     **THE INCIDENT.** On February 3, 2025, at approximately 12:30 p.m., JONES, an 82-year-old passenger using an electric mobility scooter, was carefully maneuvering his scooter up the ramp to board the *Margaritaville at Sea Paradise* when the rear wheel of his scooter became caught on the uneven ramp and/or gangway. As a result, the scooter flipped backward and upward, throwing JONES from the scooter, and the scooter then landed on top of him, pinning him. There were no adequate warnings, adequate markings, or assistance provided to alert JONES to or protect him from the dangerous condition of the ramp and/or gangway transition.

16.     JONES immediately reported the incident, and CLASSICA's personnel took him to the ship's infirmary. Despite the severity of the fall, the infirmary did not perform x-rays and provided only pain medication. Upon returning home, JONES sought treatment from his primary care physician, who ordered imaging that revealed multiple fractures in his spine, including compression fractures of his thoracic vertebrae.

17.     **DAMAGES.** As a result of CLASSICA's negligence, Plaintiff suffered severe and permanent injuries, including but not limited to multiple thoracic vertebral compression fractures (including an acute compression fracture at T9 requiring a kyphoplasty surgery), cervical spine injuries, and chronic intractable pain requiring ongoing interventional pain management including nerve injections and radiofrequency ablations. These injuries are permanent and significantly affect the life and abilities of JONES. These injuries and damages include but are not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; household and other related expenses in the past and in the future; lost income in the past; and lost income and income earning capacity in the future. These injuries and damages also

include but are not limited to non-economic damages in the past and in the future including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life.

18.     **NOTICE: PRIOR SIMILAR INCIDENTS.** Prior similar incidents demonstrate that CLASSICA had notice of the dangerous condition here. CLASSICA documents incidents in various ways, which may include shipboard meetings, logs, databases of prior similar incidents on the subject gangway/ramp or similar gangways, and complaints made to guest services. Such incidents place CLASSICA on notice that passengers, including those using wheelchairs and scooters, are exposed to a hazard when traversing uneven or unsecured ramp transitions during embarkation. Upon information and belief, these factual allegations will have evidentiary proof after a reasonable opportunity for discovery.

19.     **NOTICE: CREATION OF THE DANGEROUS CONDITION.** Additional evidence that CLASSICA had notice of the dangerous condition is shown by the fact that CLASSICA and/or its crewmembers selected, positioned, secured, rigged, and/or approved the subject ramp and/or gangway prior to the time passengers boarded the ship, thereby creating the dangerous condition by utilizing a ramp and/or gangway with an uneven and/or unsecured transition dangerous to passengers, including those in scooters.

20.     **NOTICE: CREWMEMBERS IN THE VICINITY.** Additional evidence that CLASSICA had notice of the dangerous condition is shown by the fact that CLASSICA's crewmembers and/or security personnel were stationed at the podium and in the immediate area where passengers boarded the ship and could have easily observed the dangerous condition.

21.     **NOTICE: LENGTH OF TIME THE DANGEROUS CONDITION EXISTED.** Additional evidence that CLASSICA had notice of the dangerous condition is shown

by the fact that the ramp and/or gangway had been positioned and in use for an extended period of time prior to the incident as passengers embarked the vessel.

22.   **NOTICE: VIOLATION OF INDUSTRY STANDARDS.** CLASSICA, at all relevant times, was under a legal duty to comply with mandatory international vessel safety regulations promulgated by the International Maritime Organization (IMO) under authority of the Safety of Life at Sea (SOLAS) treaty, as well as applicable standards of ASTM International, ANSI, the ISM Code, and other industry standards applicable to providing and maintaining safe walkways and means of embarkation, and to providing safe access for elderly and disabled passengers.

### COUNT I - NEGLIGENT MAINTENANCE

The Plaintiff hereby adopts and re-alleges the allegations in paragraphs 1 through 22, above.

23.   This is an action against CLASSICA for its negligent failure to maintain the subject ramp and/or gangway used for passenger embarkation onto the *Margaritaville at Sea Paradise* in a reasonably safe condition.

24.   **DUTIES OWED BY CLASSICA.** CLASSICA owes a duty to exercise reasonable care for the safety of its passengers, including Plaintiff. CLASSICA owes a duty as a common carrier to its passengers to maintain all areas used by passengers, including the ramp and/or gangway used for embarkation, in a reasonably safe condition. CLASSICA's duty of care includes inspecting, securing, and maintaining the ramp and/or gangway, including the subject transition where JONES was injured on February 3, 2025, free of uneven and/or unsecured transitions and other hazards.

25. CLASSICA had actual notice and/or constructive notice of the dangerous condition as alleged in paragraphs 18 through 22 above and incorporated herein.

26. **CLASSICA BREACHED ITS DUTY.** CLASSICA breached its duty to maintain the ramp and/or gangway used to board the *Margaritaville at Sea Paradise* on February 3, 2025 in a reasonably safe condition. CLASSICA breached its duties to JONES by its actions and conduct. CLASSICA failed to inspect, secure, and maintain the ramp and/or gangway and allowed an uneven and/or unsecured transition to exist for an extended period of time. CLASSICA's crewmembers allowed the dangerous condition to remain and failed to correct or eliminate it. CLASSICA also failed to comply with applicable industry standards, statutes, and/or regulations.

27. **PROXIMATE CAUSE.** CLASSICA's failure to maintain the ramp and/or gangway in a reasonably safe condition proximately caused JONES's injuries. CLASSICA's negligent maintenance allowed the uneven and/or unsecured transition to exist, causing the rear wheel of JONES's scooter to become caught. Had CLASSICA properly inspected, secured, and maintained the ramp and/or gangway, JONES would never have been injured on February 3, 2025.

28. **DAMAGES.** As a result of CLASSICA's negligent maintenance, Plaintiff has and will suffer damages in the past and in the future as described in paragraph 17 above and incorporated herein.

WHEREFORE, the Plaintiff, JONES, demands Judgment against CLASSICA for damages recoverable under the general maritime law and state law including but not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; lost income in the past and lost income and earning capacity in the future; non-economic damages in the past and in the future including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life; all

court costs, all interest due under the applicable law including interest from the date of the subject incident under General Maritime Law, and any and all other damages which the Court deems just or appropriate.

<strong>COUNT II - NEGLIGENT FAILURE TO WARN</strong>

Plaintiff hereby adopts and re-alleges the allegation in paragraphs 1 through 22 above.

29. This is an action against CLASSICA for its negligent failure to warn passengers, including JONES, of hazards, risks, or dangers associated with boarding the vessel.

30. **DUTIES OWED BY CLASSICA.** CLASSICA owes a duty to exercise reasonable care for the safety of its passengers. CLASSICA, as a common carrier, has a duty to warn its passengers of dangers known to it in places where it invites or reasonably expects passengers to go, including the dangers of boarding the cruise ship via the ramp and/or gangway. CLASSICA owes a duty of reasonable care under the circumstances. CLASSICA's duty of care includes warning passengers about dangerous conditions including the dangerous condition where JONES was injured on February 3, 2025.

31. CLASSICA had actual notice and/or constructive notice of the dangerous condition as alleged in paragraphs 18 through 22 above and incorporated herein.

32. **CLASSICA BREACHED ITS DUTY.** CLASSICA breached its duty to warn JONES of the dangerous condition of the ramp/gangway transition where JONES was injured on February 3, 2025. CLASSICA breached its duties to the Plaintiff by its actions and conduct. CLASSICA, through its crewmembers, failed to reasonably and regularly place signs, caution taping, bright-colored transition strips, stickers, lights, or other visual or written notices on or near the subject transition. CLASSICA's crewmembers failed to cordon off the area or place physical barriers to prevent access to the dangerous transition. CLASSICA's crewmembers failed to make

audible announcements or provide verbal warnings about the dangerous condition. CLASSICA also failed to comply with applicable industry standards, statutes, and/or regulations.

33. **PROXIMATE CAUSE.** CLASSICA's failure to properly warn JONES of the dangerous condition proximately caused the Plaintiff's injuries. Had CLASSICA properly warned JONES of the dangerous condition, JONES would have been aware of the dangerous condition and would have changed his path or taken extra precautions, and therefore would never have been injured on February 3, 2025.

34. **DAMAGES.** As a result of CLASSICA's negligent failure to warn, Plaintiff has and will suffer damages in the past and in the future as described in paragraph 17 above and incorporated herein.

35. WHEREFORE, the Plaintiff, JONES, demands Judgment against CLASSICA for damages recoverable under the general maritime law and state law including but not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; lost income in the past and lost income and earning capacity in the future; non-economic damages in the past and in the future including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life; all court costs, all interest due under the applicable law including interest from the date of the subject incident under General Maritime Law, and any and all other damages which the Court deems just or appropriate.

## COUNT III - NEGLIGENT TRAINING OF PERSONNEL

The Plaintiff hereby adopts and re-alleges the allegations in paragraphs 1 through 22, above.

36.    This is an action against CLASSICA for its negligent training of its shipboard crewmembers.

37.    **DUTIES OWED BY CLASSICA.** CLASSICA owes a duty to exercise reasonable care for the safety of its passengers. CLASSICA owes a duty of reasonable care under the circumstances. CLASSICA owes a duty as a common carrier to its passengers to train its crewmembers to properly rig, secure, inspect, maintain, and warn of dangers known to CLASSICA where CLASSICA invites or reasonably expects passengers to go. CLASSICA's duty of care includes training its crewmembers to properly rig, secure, inspect, and maintain the ramp and/or gangway , to provide a safe means of embarking the vessel, and to warn passengers about dangerous conditions associated with boarding the Margaritaville at Sea Paradise, including the subject area where JONES was injured on February 3, 2025.

38.    CLASSICA had actual notice and/or constructive notice of the dangerous condition as alleged in paragraphs 18 through 22 above and incorporated herein.

39.    CLASSICA should have become aware that it had failed to properly train its crewmembers given that its crewmembers failed to properly rig, secure, inspect, and maintain the subject ramp and/or gangway .

40.    CLASSICA should have become aware that it had failed to properly train its crewmembers given that its crewmembers failed to properly warn passengers of the dangerous condition on board the Margaritaville at Sea Paradise where JONES was injured on February 3, 2025.

41.    **CLASSICA BREACHED ITS DUTIES.** CLASSICA breached its duty of care owed to JONES and was negligent by failing to reasonably train its crewmembers to properly rig, secure, inspect, and maintain the ramp and/or gangway, to provide a safe means of embarking the

vessel, and to warn passengers of the dangerous condition on board the Margaritaville at Sea Paradise, including the subject area where JONES was injured on February 3, 2025. CLASSICA failed to comply with industry standards regarding how to train its crewmembers to rig, secure, inspect, and maintain the ramp and/or gangway and to warn passengers of dangerous conditions. CLASSICA failed to ensure the implementation or operation of its training programs.

42.    At the time JONES was injured, the crewmembers responsible for rigging, securing, inspecting, maintaining, and warning passengers in the subject area failed to do so. Because those crewmembers were not properly trained, they failed to properly rig, secure, inspect, and maintain the ramp and/or gangway  and failed to properly and adequately warn passengers, like JONES, of the dangerous condition.

43.    **PROXIMATE CAUSE.** CLASSICA's failure to properly train its crewmembers proximately caused JONES's injuries. Had CLASSICA properly trained its crewmembers to rig, secure, inspect, maintain, and warn passengers about the dangerous condition on board the Margaritaville at Sea Paradise, the dangerous condition would not have existed, the crewmembers would have warned JONES, and JONES would have been aware of the dangerous condition. JONES therefore would never have been injured on February 3, 2025.

44.    **DAMAGES.** As a result of CLASSICA's negligent training, Plaintiff has and will suffer damages in the past and in the future as described in paragraph 17 above and incorporated herein.

WHEREFORE, the Plaintiff, JONES, demands Judgment against CLASSICA for damages recoverable under the general maritime law and state law including but not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; lost income in the past and lost income and earning capacity in the future; non-economic damages

in the past and in the future including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life; all court costs, all interest due under the applicable law including interest from the date of the subject incident under General Maritime Law, and any and all other damages which the Court deems just or appropriate.

## COUNT IV- VICARIOUS LIABILITY FOR THE NEGLIGENCE OF CLASSICA'S CREWMEMBERS AND/OR EMPLOYEES

Plaintiff hereby adopts and re-alleges the allegations in paragraphs 1 through 17, above.

45.     This is an action against CLASSICA for its vicarious liability for the active negligence of its crewmembers and/or employees responsible for rigging, positioning, securing, inspecting, and operating the ramp and/or gangway  and the boarding process of the *Margaritaville at Sea Paradise* on February 3, 2025. It is being presented in the alternative and/or in addition to the direct negligence counts I-III.

46.     CLASSICA is vicariously liable and responsible for the negligent acts of its shipboard crewmembers, employees, and/or agents acting within the course and scope of their employment. *See Franza v. Royal Caribbean Cruises, Ltd.*, 772 F.3d 1225 (11th Cir. 2014).

47.     **DUTIES OWED.** At all times material hereto, CLASSICA's crewmembers and/or employees responsible for the boarding process and for rigging, positioning, securing, and inspecting the ramp and/or gangway were the employees and/or agents of CLASSICA acting within the course and scope of their employment. These crewmembers and/or employees owed a duty to exercise reasonable care for the safety of passengers boarding the vessel, including a duty to properly rig, secure, and inspect the ramp and/or gangway and to provide a safe means of boarding for passengers, including JONES.

48.   **NOTICE IS NOT REQUIRED FOR EMPLOYEE NEGLIGENT ACTS.** A passenger is not required to establish that a shipowner had actual or constructive notice of a risk-creating condition to hold the shipowner liable for the negligent acts of its employees. *Yusko v. NCL (Bahamas), Ltd.*, 4 F.4th 1164, 1169-1170 (11th Cir. 2021). Notwithstanding that, CLASSICA's employees had actual and/or constructive notice of the dangerous condition as alleged above and incorporated herein.

49.   **BREACH OF DUTIES.** CLASSICA's crewmembers and/or employees breached their duties as follows:

    a.   Failing to properly rig, position, and secure the ramp and/or gangway such that an uneven and/or unsecured transition was permitted to exist;

    b.   Failing to inspect the ramp and/or gangway for stability and safety before permitting passengers to board;

    c.   Failing to take reasonable care for the safety of passengers boarding the ship;

    d.   Failing to provide proper assistance to passengers using scooters and/or wheelchairs, including the Plaintiff;

    e.   Failing to adequately monitor the Plaintiff as he attempted to board the ship;

    f.   Failing to warn passengers, including the Plaintiff, of the dangerous condition; and/or

    g.   Failing to comply with applicable standards, statutes, and/or regulations the violation of which is negligence per se and/or evidence of negligence.

50.   **PROXIMATE CAUSE.** The negligence of CLASSICA's crewmembers and/or employees on February 3, 2025, proximately and directly caused the Plaintiff's injuries. Had

CLASSICA's crewmembers and/or employees not acted negligently, the Plaintiff would never have been injured.

51.    **DAMAGES.** As a result of the negligence of CLASSICA's crewmembers and/or employees, for which CLASSICA is vicariously liable, JONES has and will suffer damages in the past and in the future as described in paragraph 17 above and incorporated herein.

WHEREFORE, the Plaintiff, JONES, demands Judgment against CLASSICA for damages recoverable under the general maritime law and state law including but not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; lost income in the past and lost income and earning capacity in the future; non-economic damages in the past and in the future including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life; all court costs, all interest due under the applicable law including interest from the date of the subject incident under General Maritime Law, and any and all other damages which the Court deems just or appropriate.

## DEMAND FOR ADVISORY JURY TRIAL

Plaintiff hereby demands trial by jury of all issues so triable of right. This matter is being filed pursuant to CLASSICA's federal forum selection clause within its passenger ticket contract and, because there is no diversity among the parties, it is brought under the admiralty and maritime jurisdiction of the Court. This is an admiralty or maritime claim within the meaning of Rule 9(h). Plaintiff requests an advisory jury trial pursuant to the remedies saved under the Saving to Suitors Clause of 28 U.S.C. §1333. *See Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 454-55 (2001) ("Trial by jury is an obvious... example of the remedies available to suitors."); *see also Suzuki of Orange Park, Inc. v. Shubert*, 86 F.3d 1060, 1063 (11th Cir. 1996).

Accordingly, it is within the discretion of the court to allow for an advisory jury in an admiralty or maritime claim.

Submitted this 29th of June, 2026.

By: /s/ *Joshua Lopez*
JOSHUA LOPEZ, ESQ.
FBN: 1020513
Primary email: Joshua.lopez@forthepeople.com
Secondary email: Karla.Pena@forthepeople.com
Tertiary email: leeha.vargasfranco@forthepeople.com
Morgan & Morgan, P.A.
703 Waterford Way #1000,
Miami, FL 33126
Phone: (786)450-5829
Counsel for the Plaintiff